IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YOGESHKUMAR ATMARAMBHAI PATEL, Petitioner | No. 3:26cv3074 |
| | (Judge Munley) |
| v. | |
| WARDEN, in his official capacity as Warden of Pike County Correctional Facility; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID VENTURELLA, in his official capacity as Acting Director of Immigration & Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General, U.S. Department of Justice, Respondents | |

## ORDER

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Yogeshkumar Atmarambhai Patel.[1] (Doc. 1-2). Patel is a native of India in the custody of Immigration and Customs Enforcement at Pike County Correctional Facility. Id. ¶ 1. There is no dispute in this case that he is detained

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Patel filed the instant petition while detained at Pike County Correctional Facility. (Doc. 1-2, ¶ 1). Petitioner challenges whether he received a bond hearing that comports with his rights under the constitution. Id. ¶¶ 11–15. Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

pursuant to 8 U.S.C. § 1226(a), a discretionary detention statute. (Doc. 5 at ECF p. 1).

Patel came into ICE custody after posting bond in his state criminal matter. (Doc. 5-2 at ECF p. 3). There he stands accused of sexual offenses against a minor less than 16 years of age. (Doc. 5-5 at ECF p. 3). These offenses are listed in petitioner's I-213 form, a Department of Homeland Security record generated when he was taken into ICE custody. (Doc. 5-2).

According to records supplied by respondents, an ICE officer determined that petitioner should be detained. (Doc. 5-9). Petitioner requested a custody determination hearing by an immigration judge. Id.; see also 8 C.F.R. §§ 1003.19, 1236.1(d)(1). The IJ denied bond, citing petitioner's dangerousness due to the crimes charged. (Doc. 5-10). It was a short hearing centered around the contents of the I-213 form. (Doc. 5-11).

Patel challenges the constitutional adequacy of the procedures employed during that hearing. (Doc. 1-2, ¶ 14). He alleges that DHS counsel uploaded the I-213 form just minutes before the hearing commenced. Id. ¶ 10. Petitioner also alleges that his counsel requested additional time to review the evidence and prepare a bond package containing supporting documentation relevant to his release. Id. ¶ 11. Per the petitioner, the IJ denied his counsel's request and denied bond based on dangerousness. Id. ¶ 12.

These allegations are consistent with the hearing transcript and order issued by the IJ. (Docs. 5-10, 5-11). The IJ denied bond given the nature of the charges listed in the I-213 form. Id.

The government contends that the court lacks jurisdiction to consider this habeas petition based on the mere occurrence of a custody determination hearing. (Doc. 5 at 7). Not so. By law, "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). But despite this jurisdiction-stripping language, § 1226(e) contains no explicit provision barring habeas review. Demore v. Kim, 538 U.S. 510, 517 (2003). Additionally, the Third Circuit has never used § 1226(e) to preclude petitioners from raising a constitutional challenge to the way an immigration bond hearing was conducted. See Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 279 (3d Cir. 2018) (noting that the habeas petitioner sought "to compel a second bond hearing despite alleging no constitutional defect in the one he received.") (emphasis removed); Sylvain v. Att'y Gen., 714 F.3d 150, 155 (3d Cir. 2013) (citing Singh v. Holder, 638 F.3d 1196, 1202 (9th Cir. 2011) ("[Section 1226(e)] does not limit habeas jurisdiction over constitutional claims or questions of law.") (alteration in original)). Further, in non-precedential opinions, the Third Circuit has recognized such jurisdiction. Ghanem v. Warden Essex Cnty. Corr.

Facility, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision, we may review whether the bond hearing was fundamentally unfair.") (citations omitted); Quinteros v. Warden Pike Cnty. Corr. Facility, 784 F. App'x 75, 77 (3d Cir. 2019) ("Though we may not review discretionary decisionmaking involved in denial of a bond, we retain the power to review the legal standard underlying immigration officials' actions and to evaluate legal and constitutional claims on that basis.").

Patel expressly indicates that his petition is about the constitutional adequacy of the hearing, not the IJ's discretionary custody determination. (Doc. 1 ¶ 14). Therefore, the court has jurisdiction to hear petitioner's arguments that his procedural due process rights were violated.[2]

"There are three pillars of a fair hearing: (1) the IJ engages in fact-finding based on the record made at a hearing and disclosed to the noncitizen; (2) the

---

[2] The government further argues that Patel failed to exhaust his administrative remedies. (Doc. 5 at ECF pp. 10-12). Administrative exhaustion is prudential in this case, i.e., judge-made and discretionary. Under the case law, prudential exhaustion requires the court "to balance the alien's interest in prompt access to the federal courts with the government's institutional interest in exhaustion." United States v. Dohou, 948 F.3d 621, 628 (3d Cir. 2020) (citing McCarthy v. Madigan, 503 U.S. 140, 144 (1992)). "But even when courts might otherwise require exhaustion, they may excuse it when, for instance, 'waiver, estoppel, tolling or futility' applies." Id. (quoting Wilson v. MVM, Inc., 475 F.3d 166, 174 (3d Cir. 2007)). The court waives exhaustion as the petition challenges whether the procedures of the hearing itself comported with the constitution. Requiring the petitioner to exhaust his remedies in this instance would unnecessarily delay consideration of the alleged due process violations.

noncitizen has the opportunity to make arguments and present evidence on his/her own behalf; and (3) the IJ makes an individualized determination of the noncitizen's claims." B.C. v. Att'y Gen. U.S., 12 F.4th 306, 313 (3d Cir. 2021). Upon review of the bond hearing transcript, none of these pillars prop up the proceeding experienced by Patel and his counsel. That is, the I-213 form was disclosed to petitioner's counsel minutes before the hearing. (Doc. 5-11 at 4). Petitioner's motion to withdraw the bond request to further prepare was denied by the IJ. Id. By nature of the hearing, petitioner was not afforded an opportunity to challenge the contents of the I-213 form with other evidence. Also, at the proceeding, the IJ cut off petitioner's attempts to even make argument. Id. at 4–5. Finally, the I-213 form relied upon by the IJ just lists criminal offenses, not offense conduct. (Doc. 5-2 at 3). Denying bond based on listed criminal offenses is not an individualized determination, even more so where the Pennsylvania court granted bond with respect to criminal pretrial detention under the same set of circumstances. Therefore, the court finds that petitioner's procedural due process rights were violated. The petition for writ of habeas corpus will be granted.

As relief, Patel requests his release from immigration detention. (Doc. 1-2 at ECF p. 9). However, immediate physical release is not the only remedy that may be afforded. Trump v. J. G. G., 604 U.S. 670, 672 (2025) (per curiam)

(citation omitted). Based on the record, the court will order that another bond hearing be conducted. Although the offense conduct alleged in the underlying criminal case is deeply concerning, (Doc. 5-4 at ECF p. 6), Patel is entitled to a fair proceeding where he can present evidence and make arguments and receive an individual determination based on fact-finding from the record.

Consequently, for the reasons set forth above, it is hereby **ORDERED** that:

1) Yogeshkumar Atmarambhai Patel's petition for writ of habeas corpus, (Doc. 1), is **GRANTED** in part;
2) Respondents shall provide Patel with a second custody determination hearing before a neutral and impartial IJ within **21 days** of the date of this order;
3) On or before **December 18, 2026**, respondents shall file a declaration under 28 U.S.C. § 1746 as to whether Patel received a hearing within this period;
4) The Clerk of Court is directed to enter judgment in favor of Patel; and
5) The Clerk of Court is directed to close this case.

Date: 11/19/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**